**E-Filed 1/28/11**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | Case Number 5:10-cv-02717-JF/PSG |
| Plaintiff, | ORDER[1] GRANTING IN PART MOTION FOR DEFAULT JUDGMENT |
| v. | |
| SAMUEL CORTEZ CORTEZ, et al., | |
| Defendants. | |

Plaintiff J & J Sports Productions, Inc. ("Plaintiff") moves for entry of default judgment in the amount of $110,800.00 against Defendants Samuel Cortez Cortez, Alma Rose Cortez, individually and doing business as Metro Balderas, and SC Cortez, Inc., also doing business as Metro Balderas, (collectively, "Defendants"). Plaintiff seeks damages stemming from Defendants' alleged violation of 47 U.S.C. § 605(a) and conversion of Plaintiff's property. The Court has considered the moving papers and the oral argument of Plaintiff's counsel presented at the hearing on January 21, 2010. For the reasons discussed below, the motion will be granted in part.

---

[1] This disposition is not designated for publication in the official reports.

Case No. 5:10-cv-02717-JF/PSG
ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT
(JFLC3)

## I. Background

**A.  Procedural history**

Plaintiff filed the instant action on June 22, 2010.  On August 18, 2010, Plaintiff provided proof of service as to each Defendant.  (Docket No. 5-7.)  On September 9, 2010, Plaintiff moved for entry of default and served the motion by mail.  (Docket No. 11.)  The clerk entered default on September 14, 2010.  (Docket No. 12.)  Plaintiff moved for default judgment on December 14, 2010.  (Docket No. 18.)  Defendants have not appeared or responded to the complaint or to Plaintiff's motion for entry of default judgment.

**B.  Factual history**

Plaintiff is a distributor of sports and entertainment programming.  It purchased the rights to broadcast a June 27, 2009 boxing match between Juan Manuel Lopez and Oliver Lonchi, together with undercard bouts, televised replay, and color commentary (collectively, the "Program").  It then entered into sublicenses with third parties such as casinos, bars, and social clubs, allowing the sublicensees to exhibit the Program to their patrons.  The Program was broadcast in interstate commerce by means of an encrypted transmission, and only Plaintiff's sublicensees were entitled to decrypt that transmission.

On the day of the broadcast, Jeff Kaplan ("Kaplan"), an investigator hired by Plaintiff, observed an exhibition of the Program in Metro Balderas, although Defendants were not sublicensees entitled to exhibit the Program.  Kaplan entered the premises without paying a cover charge and observed the Program on a large flat screen television.  (Kaplan Declaration 2.)  Between 8:25 p.m. and 8:30 p.m., he performed three headcounts, noting the presence of ten, fifteen, and sixteen people by each respective count.  (*Id.* at 3.)  He estimates that Metro Balderas has the capacity to hold approximately fifty people.  (*Id.*)  The declaration does not indicate whether Kaplan observed either a satellite dish or a cable box.  (*Id.*)

## II. Discussion

Plaintiff seeks $10,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), $100,000 in enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), and $800 in damages for conversion.  Plaintiff also alleges that Defendants have violated 47 U.S.C § 553(a), which

provides for statutory damages pursuant to subsection (c)(3)(A)(ii) and enhanced damages pursuant to subsection (c)(3)(B).

**A.      Whether to apply 47 U.S.C. § 605 or 47 U.S.C § 553**

"[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. United States*, 323 U.S. 1 (1944); *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)).  Plaintiff seeks damages pursuant to § 605, which "requires proof that a defendant has '(1) intercepted or aided the interception of, and (2) divulged or published, or aided the divulging or publishing of, a communication transmitted by the plaintiff.'" *California Satellite Systems v. Seimon*, 767 F.2d 1364, 1366 (9th Cir. 1985) (citing *National Subscription Television v. S & H TV*, 644 F.2d 820, 826 (9th Cir. 1981)).  Plaintiff alleges in its complaint that it transmitted the Program, that Defendants unlawfully intercepted the Program, and that Defendants exhibited the Program.  (Complaint ¶¶ 11-14.)

However, § 605 applies only to intercepted "radio" communications or broadcasts through the air, such as satellite broadcasts. *J & J Sports Productions, Inc. v. Man Thi Doan*, No. C-08-00324 RMW, 2008 WL 4911223, at *2 (N.D. Cal. Nov. 13, 2008) (citing *United States v. Norris*, 88 F.3d 462 (7th Cir. 1996)).  The pleadings do not allege that Defendants intercepted a satellite broadcast, and Kaplan does not state that he observed a satellite dish at Metro Balderas.  (Kaplan Decl.)  Plaintiff contends that it has been unable to ascertain whether Defendants utilize a satellite dish only because Defendants have refused to answer and appear in the instant case.  Nonetheless, the Court may not enter default judgment if the factual allegations in the pleadings are insufficient to establish liability.

At the same time, the complaint also asserts a claim under 47 U.S.C. § 553, which "prohibits a person from 'intercept[ing] or receiv[ing] or assist[ing] in intercepting or receiving any communications service offered over a cable system.'" *Man Thi Doan*, 2008 WL 4911223 at *2 (quoting 47 U.S.C. § 553(a)(1)) (alterations in the original).  While Kaplan does not state that he observed a cable box, (Kaplan Decl.), it is undisputed that Defendants intercepted the broadcast by some means, and a cable box is hidden more easily than a satellite dish. *Accord J*

3

*& J Sports Productions, Inc. v. Guzman et al.*, 3:08-cv-05469-MHP, 2009 WL 1034218, at *2 (N.D. Cal. April 16, 2009).  Accordingly, Plaintiff's allegations are sufficient for present purposes to establish Defendants' liability under § 553(a)(1).

### 1. Statutory damages pursuant to 47 U.S.C. § 553(c)(3)(A)(ii)

An aggrieved party may recover either actual damages pursuant to § 553(c)(3)(A)(i) or statutory damages pursuant to § 553(c)(3)(A)(ii).  A court may award statutory damages of "not less than $250 or more than $10,000 as the court considers just."  47 U.S.C. § 553(c)(3)(A)(ii). While the violation in the instant case does not appear to be particularly egregious, Plaintiff requests the statutory maximum, noting that at least one other district court has awarded the maximum statutory damages available under § 605 under similar circumstances.  *See J & J Sports Productions, Inc. v. Flores*, No. 1:08-cv-0483 LJO DLB, 2009 WL 1860520, at *2 (E.D. Cal. June 26, 2009) (awarding $10,000 in damages for the violation of § 605(a) in an establishment without a cover charge and containing thirty-five people); *J & J Sports Productions, Inc. v. George*, No. 1:08cv090 AWI DLB, 2008 WL 4224616, at *2 (E.D. Cal. Sept. 15, 2008) (awarding $10,000 in damages for the violation of § 605(a) in an establishment without a cover charge and containing thirty people).

In this case, Plaintiff has presented no evidence of previous violations by Defendants. The establishment, which Kaplan described as only "fair," has a fifty-person capacity, and no more than twenty persons were present during any of Kaplan's headcounts.  The Program was shown only on one television.  All of these factors suggest that maximum damages are unwarranted.  The Court finds that an award of $5,000 is sufficient under the circumstances.

### 2. Enhanced damages pursuant to  47 U.S.C. § 553(c)(3)(B)

47 U.S.C. § 553(c)(3)(B) provides that in the case of a willful violation for purposes of commercial advantage or private gain, "the court in its discretion may increase the award of damages . . . by an amount of not more than $50,000."  Plaintiff alleges that Defendants' interception of the program was willful and for purposes of commercial advantage or private gain.  (Complaint ¶ 14.)  Facts alleged in the pleadings are binding upon the defaulting party. *Geddes*, 559 F.2d at 560.  Metro Balderas is a commercial establishment.  Plaintiff alleges that

1  the broadcast was encrypted, making it exceedingly unlikely that Defendants could have
2  intercepted the broadcast unintentionally.
3    While it seeks the maximum award, Plaintiff also has directed the Court's attention to *Joe*
4  *Hand Promotions, Inc. v. Cat's Bar, Inc.*, No. 08-4049, 2009 WL 700125, at *3 (C.D. Ill. March
5  16, 2009), which calculated enhanced damages by multiplying the fee that the defendant would
6  have paid to exhibit the program lawfully by the number of patrons in the establishment at the
7  time. Here, Plaintiff contends that the sublicensing fee for an exhibition of the Program was
8  $800. Multiplying that amount by the average number of patrons present in the bar (13.66)
9  results in an award of $10,928. The Court concludes that enhancing the damages by $10,928 is
10 appropriate under the circumstances. The details of the violation are not egregious, but at the
11 same time Defendants' liability is not in dispute, and it is clear that Defendants acted willfully to
12 intercept the Program.

**B.    Damages for conversion**

  As a result of Defendants' default, the facts alleged in the pleadings are sufficient to establish that Defendants wrongfully denied Plaintiff ownership of the right to control the exhibition the Program and therefore are sufficient to establish that Defendants are liable for the tort of conversion. *See Culp v. Signal Van & Storage*, 142 Cal. App. 2d Supp. 859, 862 (Cal. App. Dep't Super. Ct. 1956). Pursuant to Cal. Civ. Code § 3336, Defendants are liable for the value of the property at the time of the conversion. Accordingly, Plaintiff is entitled to recover the sublicensing fee of $800.

### III.  CONCLUSION

  Plaintiff's motion is granted in part. Plaintiff shall recover $5,000 in statutory damages pursuant to 47 U.S.C. § 553(c)(3)(A)(ii), $10,928 in enhanced damages pursuant to 47 U.S.C. § 553(c)(3)(B), and $800 pursuant to Cal. Civ. Code § 3336.

**IT IS SO ORDERED.**

DATED: January 28, 2011

_____
JEREMY FOGEL
United States District Judge

Case No. 5:10-cv-02717-JF/PSG
ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT
(JFLC3)